UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FEDERAL INSURANCE COMPANY,

           Plaintiff,

    v.

SAFENET, INC., CAROLE ARGO, and
ANTHONY CAPUTO,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. Action No. 09-CV-7863 NRB)

**Honorable Naomi Reice Buchwald**

**PLAINTIFF FEDERAL INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF KEVIN HICKS**

      Plaintiff Federal Insurance Company ("Federal") hereby submits the following evidentiary objections to the affidavit of Kevin Hicks ("Hicks") filed in support of Defendants' Cross Motion for Summary Judgment and in Opposition to Federal's Motion for Summary Judgment.

**Paragraph 4.**

Statement:

      "I reviewed and monitored the defense costs that SafeNet incurred on its own behalf and that SafeNet *advanced on behalf of its former officers and directors* in connection with the Stock Option Back-Dating Claims on behalf of the corporation."  (emphasis added.)

Grounds for objection:

      The statement is an inadmissible legal conclusion.  Fed. R. Evid. 701.  It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the court.

See Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1213 (DC. Cir. 1997); Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058-1060 (9th Cir. 2008); Flemming v. Air Sunshine, Inc., 311 F.3d 282, 297, n. 10 (3d Cir. 2002). Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible. Id. Whether SafeNet is deemed to have "advanced" costs on behalf of its officers and directors requires a legal determination as to whether SafeNet complied with Delaware law. Accordingly, this statement is inadmissible under Federal Rule of Evidence 701. Id.

SafeNet is a Delaware corporation, the indemnification obligations of which are governed by the Delaware Corporations Code (the "Code"). Section 145 of the Code requires that advancement of expenses incurred by an officer or director of the corporation in defending any civil suit be contingent "upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such a person is not entitled to be indemnified by the corporation as authorized" by the Code. 8 Del. C. § 145(e). SafeNet has made no showing that any Insured Persons incurred any expenses, that SafeNet secured the requisite undertaking, or that the Insured Persons met the applicable standard of conduct which would entitle them to indemnification. Ms. Argo has admitted, in her guilty plea, that she did not meet that standard. Accordingly, Mr. Hick's conclusory statements regarding advancement on behalf of Insured Persons should be stricken. Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may ... strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements") (emphasis added).

**Paragraph 5.**

Statement:

"To the best of my knowledge and belief, SafeNet has paid more than $20 million in defense costs *for itself and all directors and officers* in connection with the Stock Option Back-Dating Claims." (emphasis added.)

Grounds for objection:

This statement is also inadmissible as a legal conclusion. Fed. R. Evid. 701. It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the judge. See Burkhart, 112 F.3d at 1213; Nationwide Transport Finance, 523 F.3d at 1058-60; Flemming, 311 F.3d at 297, n. 10. Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible. Id. Whether SafeNet complied with the Code requires a legal analysis that the Court will undertake in determining if any portion of SafeNet's total defense expenses may be attributable to the defense of its directors and officers. Thus, Hicks offers an inadmissible legal conclusion under Federal Rule of Evidence 701 that is the proper purview of this Court. Id.

Whether couched as indemnification or advancement of costs, the Code has explicit statutory requirements that must be complied with before a Delaware corporation, i.e. SafeNet, may legally attribute defense expenses to the defense of its officers or directors. 8 Del. C. § 145(d)-(e). SafeNet may only indemnify its former officers and directors if they acted in good faith and in a manner reasonably believed to be in or not opposed to the best interest of the SafeNet. 8 Del. C. § 145(a). Further, such determination can only be made by:

(1) A majority vote of the directors who are not parties to the lawsuit; or

(2) By a committee of such directors designated by majority vote of such directors; or

(3) If there are no such director; or

(4) If such directors so direct, by independent legal counsel in a written opinion; or

(5) By the stockholders.

Since he does not offer any evidence that the officers and directors in question were deemed to have acted in good faith and in a manner reasonably believed to be in the best interest of SafeNet by a function of one of the five preceding mechanisms, Hicks' statement should be stricken as an inadmissible legal conclusion. Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may ... strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements") (emphasis added).

The statement also lacks foundation because it fails to set for the basis of Mr. Hicks' personal knowledge. Fed. R. Evid. 601, 602.

Finally, Defendants have not provided any documentary proof with respect to the defense costs SafeNet allegedly paid, as neither Federal nor this Court have been provided with any invoices, or even a summary of invoices or amounts paid. Mr. Hicks' vague, speculative assertion about the amount and purposes of defense costs purportedly paid is insufficient to meet Defendants' burden of defeating Federal's Motion or supporting Defendants' Cross Motion. The moving party has the burden of demonstrating the absence of a disputed issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is

a genuine issue for trial" and may not rely on conclusory allegations or unsubstantiated speculation.  Fed. R. Civ. P. 56(e)(2); <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998).

**Paragraph 6.**

Statement:

"To the best of my knowledge and belief, SafeNet has paid more than 10 million in defense costs *for directors and officers*, other than Argo, in connection with the Stock Option Back –Dating Claims."  (emphasis added.)

Grounds for objection:

This statement is also inadmissible as a legal conclusion.  Fed. R. Evid. 701.  It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the judge.  <u>See</u> <u>Burkhart</u>, 112 F.3d at 1213; <u>Nationwide Transport Finance</u>, 523 F.3d at 1058-60; <u>Flemming</u>, 311 F.3d at 297, n. 10.  Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible.  <u>Id.</u>  Whether SafeNet complied with the Code requires a legal analysis that the Court will undertake in determining if any portion of SafeNet's total defense expenses may be attributable to the defense of its directors and officers.  Thus, Hicks offers an inadmissible legal conclusion under Federal Rule of Evidence 701 that is the proper purview of this Court.  <u>Id.</u>

Whether couched as indemnification or advancement of costs, the Code has explicit statutory requirements that must be complied with before a Delaware corporation, i.e. SafeNet, may legally attribute defense expenses to the defense of its officers or directors.  8 Del. C. § 145(d)-(e).  SafeNet may only indemnify its former officers and directors if they acted in good faith and in a manner reasonably believed to be in or not opposed to the best interest of the SafeNet.  8 Del. C. § 145(a).  Further, such determination can only be made by:

(1) A majority vote of the directors who are not parties to the lawsuit; or

(2) By a committee of such directors designated by majority vote of such directors; or

(3) If there are no such director; or

(4) If such directors so direct, by independent legal counsel in a written opinion; or

(5) By the stockholders.

Since he does not offer any evidence that the officers and directors in question were deemed to have acted in good faith and in a manner reasonably believed to be in the best interest of SafeNet by a function of one of the five preceding mechanisms, Hicks' statement that SafeNet's expended $10 million in defense of its directors and officers in question should be stricken as an inadmissible legal conclusion. <u>Hollander v. American Cyanamid Co.</u>, 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may ... strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make <u>generalized and conclusory statements</u>") (emphasis added).

The statement also lacks foundation because it fails to set for the basis of Mr. Hicks' personal knowledge.  Fed. R. Evid. 601, 602.

Finally, Defendants have not provided any documentary proof with respect to the defense costs SafeNet allegedly paid, as neither Federal nor this Court have been provided with any invoices, or even a summary of invoices or amounts purportedly paid.  Mr. Hicks' vague, speculative assertion about the amount and purposes of defense costs purportedly paid is insufficient to meet Defendants' burden of defeating Federal's Motion or supporting Defendants' Cross Motion. The moving party has the burden of demonstrating the absence of a disputed issue

of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial" and may not rely on conclusory allegations or unsubstantiated speculation.  Fed. R. Civ. P. 56(e)(2); Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

**Paragraph 7.**

Statement:

"SafeNet and the individual defendants in the Securities Class Action began settlement discussion with respect to the Securities Class Action in August 2008, after SafeNet had received Federal's *coverage denial letter dated 27, 2008 and August 12, 2008*."  (emphasis added.)

Grounds for objection:

Moreover, his statement is an inadmissible legal conclusion.  Fed. R. Evid. 701.  It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the judge.  See Burkhart, 112 F.3d at 1213; Nationwide Transport Finance, 523 F.3d at 1058-60; Flemming, 311 F.3d at 297, n. 10.  Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible.  Id.  Whether the legal effect of the letters was to deny coverage is the proper purview of the Court and an improper lay opinion under Federal Rule 701.  Robinson v. Liebman, 202 N.Y.S. 645, 615 (1924) ("The sufficiency and legal effect of a writing which is unequivocal upon its face is for the court to determine as a matter of law."); Backer v. Bouza Falco Co., 814 N.Y.S. 2d 188, 190 (2006) (holding that whether a letter was a termination letter or an invitation to negotiate was a legal question).

Therefore, Hicks' characterization of the letter as "coverage denial letters" should be stricken as an inadmissible legal conclusion.  Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may ... strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make <u>generalized and conclusory statements</u>") (emphasis added).

**Paragraph 8.**

Statement:

"SafeNet also paid $25 million in settlement of the Securities Class Action, *on behalf itself and the former officers and directors* of SafeNet who were defendants in that litigation." (emphasis added.)

Grounds for objection:

This statement is contrary to SafeNet's prior admissions in open court that SafeNet itself had paid the settlement agreement, and had not determined to indemnify any Insured Persons, and should thus be stricken pursuant to the sham affidavit doctrine.  (Declaration of Richard R. Johnson [Docket #54] "RRJ Dec.," ¶ 21, Ex. 4 p. 6;¶ 22, Ex. S, Pages 6-10.)  See Jeffreys v. Rossi, 275 F. Supp. 2d 463, 476-77 (S.D.N.Y. 2003).  It is well settled in the Second Circuit that self-serving and contradictory affidavits cannot defeat motion for summary judgment.  Id. citing Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir 1991).  "The rationale underlying the rule that contradictory evidence may be disregarded is that a party cannot rely upon implausible testimony to create a triable issue of fact."  Jeffreys, 275 F. Supp. 2d at 477.  The statement is also contrary to the terms of the Settlement Agreement, which speaks for itself and provides that only SafeNet is legally obligated to pay the settlement amount. (RRJ Dec., ¶ 22, Ex. R; at ¶¶ 1(bb), 1(jj), 1(l), 6, 7.)

The statement is also inadmissible as a legal conclusion. Fed. R. Evid. 701. It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the judge. See Burkhart, 112 F.3d at 1213; Nationwide Transport Finance, 523 F.3d at 1058-60; Flemming, 311 F.3d at 297, n. 10. Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible. Id. Whether SafeNet complied with the Code requires a legal analysis that the Court will undertake in determining if any portion of SafeNet's total settlement expenses may be attributable to the defense of its directors and officers. Thus, Hick offers an inadmissible legal conclusion under Federal Rule 701 that is the proper purview of this Court. Id.

Whether couched as indemnification or advancement of costs, the Code has explicit statutory requirements that must be complied with before a Delaware corporation, i.e. SafeNet, may legally attribute defense expenses to the defense of its officers or directors. 8 Del . C. § 145(d)-(e). SafeNet may only indemnify its former officers and directors if they acted in good faith and in a manner reasonably believed to be in or not opposed to the best interest of the SafeNet. 8 Del. C. § 145(a). Further, such determination can only be made by:

(1) A majority vote of the directors who are not parties to the lawsuit; or

(2) By a committee of such directors designated by majority vote of such directors; or

(3) If there are no such director; or

(4) If such directors so direct, by independent legal counsel in a written opinion; or

(5) By the stockholders.

Since he does not offer any evidence that the officers and directors in question were deemed to have acted in good faith and in a manner reasonably believed to be in the best interest of SafeNet by a function of one of the five preceding mechanisms, Hicks' statement should be stricken as an inadmissible legal conclusion.  Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999) ("[a] court may ... strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements") (emphasis added).

**Paragraph 10.**

Statement:

"To the best of my knowledge, Federal has never notified SafeNet that it intends to rescind some or all of the coverage afforded under the excess policy Federal issued for the policy period March 12, 2006 to March 12, 2007 (which was subsequently extended to March 31, 2007) and Federal has not returned or offered to return any portion of the premium SafeNet paid for that policy."

Grounds for objection:

This statement is inadmissible as a violation of the best evidence rule.  Fed. R. Evid. 1002.  To prove the content of a writing, recording, or photograph, the original writing, recording, or photographs is required, except as otherwise provided in these rules or by Act of Congress.  Fed. R. Evid. 1002.  As admitted in paragraph 9 of the affidavit, Hicks communicated with Federal from 2006 to 2008, but in paragraph 10 states that Federal never notified SafeNet of its intent to rescind.  This is flatly incorrect and contradicts the record.  The communications, i.e. letters, between Federal and SafeNet

speak for themselves, and under Fed. R. Evid. 1002 his statements regarding their contents are inadmissible.

The statement also lacks foundation because it fails to set for the basis of his personal knowledge that Federal failed to notify SafeNet of its intent to rescind the 2006-2007 policy.  Fed. R. Evid. 602.

Further, the statement in fact contradicts the unconvertible documentary evidence before this Court and should be disregarded.  "While the Court may not assess credibility on summary judgment, if the evidence is contradictory or implausible, it may be disregarded." Lee Loi Indus., Inc. v. Impact Brokerage Corp., 473 F. Supp. 2d 566, 570 (S.D.N.Y. 2007) (disregarding an appellant's affidavit stating that the defendants never received a shipment of corn because it contradicted respondent's competing affidavits and evidence to the contrary; appellant's affidavit did not create a genuine issue of material fact for trial).

Alternatively, this statement is an inadmissible legal conclusion.  It is well-settled that legal conclusions are inadmissible because they invade the exclusive domain of the judge. See Burkhart, 112 F.3d at 1213; Nationwide Transport Finance, 523 F.3d at 1058-60; Flemming, 311 F.3d at 297, n. 10.  Consequently, lay opinion testimony offering a legal conclusion is not helpful under Fed. R. Evid. 701 and inadmissible. Id.  The

/
/
/
/
/

correspondence between the parties is before this Court, and it is for the Court to decide whether Federal's letters conveyed an intent to rescind the policy.

| | |
|---|---|
| March 18, 2011 | ___/s/_ *Michael F. Perlis*_____ |
| | Michael F. Perlis |

                                            Michael F. Perlis
                                            mperlis@stroock.com
                                            Richard R. Johnson (pro hac vice)
                                            rjohnson@stroock.com
                                            Rachael Shook (pro hac vice)
                                            rshook@stroock.com
                                            STROOCK & STROOCK & LAVAN LLP
                                            2029 Century Park East
                                            Suite 1600
                                            Los Angeles, CA 90067
                                            Phone: 310-556-5800
                                            Fax:    310-556-5959
                                            *Attorneys for Plaintiff Federal Insurance Company*